THE BONNIE FRUIT CO. *v.* DÁVILA ET AL.

APPEAL from the District Court of San Juan.

No. 33.—Decided November 5, 1904

JUDICIAL NOTICE—ABSENCE OF JUDGE.—The absence of a judge from the Island is not a matter of which the courts will take judicial notice without proof or some kind of showing being made.

JURISDICTION—PROCEEDINGS.—Where a court exercises judicial functions not included within the limits of its ordinary jurisdiction, but which are included in its extraordinary jurisdiction, no presumption is indulged in in favor of the regularity of its proceedings or as to the exercise of its extraordinary jurisdiction.

ID.—Where a specific ground has been assigned in a case as justifying the jurisdiction of the court in such case, it will not be presumed that other different grounds exist which justify such jurisdiction.

ID.—INJUNCTION—POWERS OF DISTRICT JUDGES.—The object of the provisions of section 2 of the injunction law of March 1, 1902, was to grant to the judges of courts, as distinguished from the court itself, authority to issue preliminary injunctions, but such provisions do not confer any authority whatever upon a judge of one district to act in another district.

ID.—It is doubtful whether, according to the provisions of section 22 of the Code of Civil Procedure, one judge can act for another without previously complying with the formalities prescribed by section 21 of the same code, or those prescribed by section 2 of the act of March 10, 1904, reorganizing the judiciary of Porto Rico.

ID.—PROCEDURE—MOTIONS.—All motions made in connection with a specific case must be made to the court in which the proceedings are pending.

ID.—INCIDENTAL MATTERS.—An application for an injunction, the object of which is to prevent the party against whom it is sought from prosecuting certain proceedings pending before a court, is a matter incidental to the main purpose of the suit.

ID.—The orders which, according to section 316 of the Code of Civil Procedure, may be made by a judge in any part of the Island, are orders relating to cases pending before the same court.

ID.—Whatever may be the power of a district judge to act in a case pending before the court of another district, it can never be such as to permit two different courts to entertain jurisdiction of the same identical proceeding at the same time, or to enter judgments or orders at the same time with relation to the same case.

ID.—PROCEDURE—JUDICIAL PROCEEDINGS—CONSTRUCTIVE NOTICE.—All the proceedings instituted in connection with a certain case should be entered and recorded by the secretary of the same court in which such case is pending, since for the purposes of the principle governing constructive notice of judicial proceedings, it is necessary that the place in which they are to occur,

and from which judgments and orders are to emanate in each case, should be fixed and definite.

The facts are stated in the opinion.

*Mr. Díaz Navarro,* for appellant.

MR. JUSTICE WOLF delivered the opinion of the court.

The Bonnie Fruit Company brought a suit in the District Court of Arecibo against Dolores Dávila Santana, widow of Córdova, and her seven minor children, for the purpose, as set forth in the complaint, of cancelling or annulling a mortgage duly recorded, under which the defendants were claiming a right of sale through the medium of that court. The complaint proceeds to describe the mortgaged property, it being situated in the *barrio* of Tetuán, municipal district of Utuado. The property was originally mortgaged by José Toribio Sandín Blanco, on the 23d day of February, 1893, for the sum of $6,000, and the mortgage debt was made payable in two equal instalments, one to become due on the 1st day of March, 1898, and the other on the 1st day of March, 1889, besides $500 for costs in case of litigation. On the 8th day of October, 1902, the defendants acquired the credit represented by the instalment of the debt due March 1, 1898, the other instalment of the debt being still held by the mortgagee, Humberto Joseph Orval Jacob. A summary proceeding was begun by the mortgagee in the federal court on the 7th day of June, 1902, and in the auction that followed the property was sold to Manuel García for $500, who in turn sold the same to the Bonnie Fruit Company for the sum of $1,000, the latter sale taking place upon the 8th day of June, 1903, and being duly recorded in the registry of property.

It is also alleged in the complaint that by reason of an involuntary oversight the mortgage was not cancelled, it being further asserted that as the amount of the sale was not sufficient to cover the whole mortgage debt the mortgage ought, under the law, to have been cancelled by the federal court, and that, availing themselves of the oversight of the plaintiff,

the defendants are now seeking to have the property sold under summary process of the Mortgage Law. The defendants are all residents of the town of Utuado. On the 2d day of August, 1904, a petition for an injunction entitled in the District Court of San Juan was presented to that court. The petition set up that a complaint had been filed the day before in the District Court of Arecibo, a sworn copy of which accompanied the petition and was made a part thereof. After repeating some of the facts set up in the complaint and alleging that the complainant would suffer great loss and damage if the property was sold under the summary proceedings, the petition prayed that a writ of injunction might be issued by the court to enjoin defendants from proceeding further with their summary process begun in the District Court of Arecibo.

No reason is alleged in the petition for presenting it to the District Court of San Juan. The record, however, contains the decision and the judgment or order of the District Court of San Juan, and in this order it appears that the court considered itself entitled to proceed with the case by reason of its being a public fact that the District Court of Arecibo was at that time in vacation.

The case was argued in this court by counsel for appellant on the 14th day of October, 1904, but the court wishing to hear further argument with respect to the jurisdiction of the District Court of San Juan to entertain the application, and on other matters, a reargument was ordered for October 22, 1904, and the case was accordingly reargued. The learned counsel for the appellant then contended that the judge of the District Court of San Juan had jurisdiction, first, by reason of the provisions of the second paragraph of section 22 of the Code of Civil Procedure; second, by reason of the provisions of section 2 of the injunction law of March 1, 1902; and third, if we are not mistaken, because if neither of these provisions prevailed, or at least if section 22 did not, there was no limitation on the right of the applicant, under the exigencies of

the case, to apply for a writ to the judge of another district court, notwithstanding the fact that in another phase of his argument counsel maintained that in a case like the one at bar a writ of injunction was a mere incident to the main suit.

While it is true that the District Court of Arecibo was in vacation, yet, as sections 22, 27, 316 and 318 of the Code of Civil Procedure give the judge of a court ample power to make *ex parte* orders out of court, the reason for applying to the District Court of San Juan is not evident. Counsel, however, further maintained, apparently for the first time in this court, that it was a public fact (*hecho público*) that the judge of the District Court of Arecibo was absent from the Island.

The matters of which a court will take judicial notice are well set out in volume 12 of the American and English Encyclopedia of Law, page 151, and from the principles there laid down it is evident that the absence of a judge is not a matter for judicial notice. It is not a fact of history when a judge temporarily leaves the Island, neither is it a judicial act, and no other court can take notice of such absence without proof, or some sort of showing made, however slight. No presumption of regularity arises when a court is exercising an extraordinary jurisdiction. Neither will it be presumed (when one ground of jurisdiction is assigned) that others exist. To this effect is the decision of the Supreme Court of the United States in the case of *Galpin* v. *Page,* 18 Wall. 350, and other authorities have established the same principle of construction. (Bailey on Jurisdiction, sections 112-114; American & English Encyclopædia of Law, vol. 12, p. 276).

Let us next consider the three principal contentions of counsel in their reverse order. We think it plain from section 33 of the Organic Act that the district courts of Porto Rico can derive no powers or jurisdiction not expressly conferred upon them. That no extraordinary jurisdiction will be presumed appears from the case of *Galpin* v. *Page* and the other authorities cited above. The case, too, of *Wallace* v. *Helena*

*Electric Railway Co.,* 10 Mont., p. 24, shows how strictly the jurisdiction of a court is construed.

With regard to the provisions of section 2 of the law of March 1, 1902, we think it plain from the reading of the section that it was intended merely to give a judge of a court, as distinguished from the court itself, authority to issue a preliminary injunction, and does not give him authority to issue a writ in a district court where he otherwise would have none. This is the more evident when it is borne in mind that at the time of the passage of the act there were three judges of a district court. The Legislature did not intend to confer on a judge of one district power to act in another in which three already had such power, especially where there were other laws in force defining the territorial jurisdiction of district courts. The act of March 10, 1904, decreasing the number of judges, cannot by intendment be held to increase their powers in this regard.

We pass to the consideration of section 22 of the Code of Civil Procedure. We have considerable doubt whether under this section one judge could act for another without the prior formalities required by the provisions of section 21 of the Code, or by the provisions of section 2 of the act of March 10, 1904, reorganizing the judiciary of Porto Rico. It is to be noted in passing that this act went into effect twelve hours later than the Code of Civil Procedure, and must be considered as the latest expression of the legislative will, should any conflict arise.

Section 22 of the Civil Code of Procedure provides as follows:

"District judges in chambers may grant all orders and writs which are usually granted in the first instance upon *ex parte* applications, and may at chambers, hear and dispose of such writs and motions for new trials, and try and determine writs of review, mandate and prohibition, and may hear applications to discharge all such orders and writs. In case of vacancy in the office of any district judge, or his

absence from the Island, motions may be made before and orders granted by any other district judge.''

Supposing that an application for an injunction is a motion, nevertheless it is provided in section 316 of the Code that motions must be made in the district in which the action is pending and it is not urged that any motion was made in the District Court of Arecibo. That the application made before the District Court of San Juan for injunction was an incident or collateral proceeding of the main suit in Arecibo appears from the application itself, even if the law were not to the same effect. Moreover, in such a case as this an application for an injunction is necessarily an incidental matter to the main purpose of the suit.

It is true that section 316 says that ''orders made out of court may be made by the judge of a court in any part of the Island,'' but such orders must be responsive to a motion filed in the proper court. The words last quoted can only be held to apply to the judge of a particular court when he is temporarily away from his court, on a vacation, for example. Any other construction would lead to manifest absurdities. It would not be pretended, for example, that a judge of the Supreme Court could issue an order for a new trial to be effective in the District Court of Ponce. This is made more certain by reference to section 27, which provides: '' A judge may exercise out of court all the powers expressly conferred upon a judge, as contradistinguished from the court.''

This brings us to a consideration of what seems to be the most serious defect of the proceedings in the district court. It appears very plainly from the records that the application for a writ of injunction was made to the District Court of San Juan, and that the order denying the injunction was a pronouncement of the same court. The application and the order are both entitled in that court. The appeal was taken from the District Court of San Juan, as appears from the certificate of the secretary. The appellant then had his main proceeding

in the District Court of Arecibo and a collateral proceeding in the District Court of San Juan. However much power a district judge may have to make orders in proceedings pending in another district, we know of no place or any system of jurisprudence where two courts may entertain jurisdiction of the same identical proceeding at the same time, or where judgments or orders in the same suit are entered in two different courts. The proceeding in the District Court of San Juan from which this appeal was taken was an anomalous one.

The proceedings in a district court, or those belonging to it, should all be entered and recorded by the secretary of that court and process issue therefrom. Otherwise in case of vacancy in the office of a district judge or his absence from the Island no person interested in a proceeding could know where he stood and no lawyer could advise a client without making a tour of the district courts. Parties and the public must know to what courts they should look for proceedings begun in an action. If the law of constructive notice is to have any validity the place from which orders and judgments are to proceed must be fixed and definite.

From these considerations it follows that the District Court of San Juan was without jurisdiction to issue or deny a writ of injunction in the pending case, and the same must be remanded to that court with instructions to dismiss without prejudice the application of The Bonnie Fruit Company for a writ of injunction because of lack of jurisdiction, but in view of section 31 of the Code of Civil Procedure, with liberty on the part of said The Bonnie Fruit Company to renew its application in the District Court of Arecibo, or otherwise, as it may be advised.

Chief Justice Quiñones and Justices Hernández and Figueras concurred.

Mr. Justice MacLeary did not sit at the hearing in this case.